UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| MICHAEL WAYNE COUCH,<br><br>  Plaintiff,<br><br>v.<br><br>CLAY COUNTY COMMONWEALTH ATTORNEY'S OFFICE, ET AL.,<br><br>  Defendants. | Civil Action No. 6: 23-CV-068-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Michael Wayne Couch is a pretrial detainee at the Clay County Detention Center in Manchester, Kentucky. Proceeding without an attorney, Couch recently filed a civil rights complaint with this Court. [R. 8]. That pleading is before the Court on initial screening pursuant to 28 U.S.C. § 1915A.

Couch names the Clay County Commonwealth Attorney's Office and two prosecutors in that office as defendants, and he puts forth two substantive factual allegations. *See* [R. 8, p. 1–3]. Couch first alleges that the defendants are improperly failing to indict an individual who committed crimes because that person's family "has ruled Clay County for generations." *Id.* at 2. Couch then separately alleges that one of the prosecutors "keeps trying to plead me guilty to crimes he knows I did not commit. He has video evidence showing I never hit 3 cops." *Id.* at 3. Couch claims that the defendants' alleged conduct amounts to a violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. *See id.* at 4. For relief, Couch says that he wants "these men held accountable" and "justice to be served." *Id.* at 8. Couch also says, "I want Clay County wiped clean of corruption, and I want a job doing it." *Id.*

The Court has fully reviewed Couch's complaint and will dismiss it without prejudice for multiple reasons. As an initial matter, Couch's pleading, as currently drafted, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Even if the Court assumes that Couch's allegations are true, it does not observe a plausible Eighth or Fourteenth Amendment claim against the named defendants. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (explaining that, in order to survive initial screening, a complaint must contain enough facts, accepted as true, to state a claim to relief that is plausible on its face). Moreover, the relief that Couch is seeking is exceedingly vague, and thus his pleading does not contain an intelligible or otherwise meaningful demand for relief, as required by Federal Rule of Civil Procedure 8(a)(3). And, finally, Couch's second allegation appears to relate to an ongoing state criminal case, and this Court has already concluded that it would abstain from interfering in that matter. *See Michael Wayne Couch v. Clay County Sheriff's Office, et al.,* No. 6:23-cv-00042-KKC, at R. 9 (E.D. Ky. April 28, 2023) (discussing the pending state criminal charges against Couch before dismissing his federal lawsuit without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971)). For all of these reasons, Couch's present pleading is unavailing.

Accordingly, it is **ORDERED** as follows:

1. Couch's complaint [**R. 8**] is **DISMISSED without prejudice**.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

Dated: May 9, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY